IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


KENDRICK C. STORY                                                                              PLAINTIFF


V.                                        CASE NO. 07-CV-1032


CALVIN KNIGHTON, Sheriff,
Columbia County, Arkansas;
VICTOR REYNOLDS, Captain,
Columbia County Sheriff's Office;
and LT. JANET DELANEY,
Columbia County Sheriff's Office                                                              DEFENDANTS


## ORDER

Before the Court is the Report and Recommendation filed July 21, 2008, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 24). A motion for summary judgment was filed on behalf of all named Defendants. (Doc. 14) Judge Bryant recommends that Defendants' motion for summary judgment be granted in part and denied in part. Specifically, he recommends that Defendants be granted summary judgment on three of Plaintiff Story's *pro se* 42 U.S.C. § 1983 civil rights claims: (1) Plaintiff Story's excessive force claim, (2) his denial of medical care claim, and (3) his retaliation claim. Judge Bryant further recommends that Defendants' be denied summary judgment on Plaintiff's claim that his rights were violated when he remained in leg irons for an extended period of time. Plaintiff has responded with timely objections. (Doc. 25). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation (Doc. 24) as its own.

Judge Bryant concluded that Plaintiff's excessive force, denial of medical care, and retaliation claims could not proceed because Plaintiff did not exhaust his administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 914-16, 127 S. Ct. 910 (2007). In his objections to the Report and Recommendation, Plaintiff claims that he did submit grievances to the detention center but that the detention center never returned these grievance forms to him. Thus, Plaintiff disagrees that three of his claims should be dismissed for failure to exhaust his administrative remedies. However, as Judge Bryant noted in his Report and Recommendation, Plaintiff's claims regarding his access to grievance forms are inconsistent.

In Plaintiff's first response to the summary judgment motion, he concedes that he submitted no requests for grievances addressing the use of excessive force on July 5, 2005, the denial of medical care, or retaliation. (Doc. 21). He also concedes that he did file a grievance on July 7, 2005, regarding the use of leg irons but that the grievance mentioned no injuries from any use of excessive force. After Defendants filed their statement of indisputable material facts (Doc. 23) on July 11, 2008, Plaintiff responded by stating "[s]everal grievances were submitted addressing these issues that I never received back, when I asked for more grievance forms they refused to give them to me." (Doc. 23). Thus, Plaintiff changed his story regarding the filing of grievance forms. Upon review, the Court agrees with Judge Bryant that Plaintiff's claim that he did not have access to or was denied grievance forms is unpersuasive. Plaintiff clearly had access to grievance forms, because he submitted a grievance form on July 7, 2005, only two days after the alleged excessive force incident. This grievance only addressed swollen ankles caused by the leg irons being put on him and did not contain any allegations of excessive force, denial of medical treatment, or retaliation.

For reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation (Doc. 24), Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.  Defendants' Motion for Summary Judgment on the following claims is **GRANTED** and these claims are **DISMISSED WITH PREJUDICE**:  (1) Plaintiff's excessive force claim, (2) his denial of medical care claim, and (3) his retaliation claim.  Defendants' are **DENIED** summary judgment on Plaintiff's claim that his rights were violated when he remained in leg irons for an extended period of time.

**IT IS SO ORDERED**, this 11th day of September, 2008.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge